UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Madalyn Barton Fischer</u>

    v.                                         Civil No. 16-cv-154-JL

<u>State of New Hampshire</u>

### REPORT AND RECOMMENDATION

Before the court is the complaint (doc. no. 1) filed by plaintiff, Madalyn Barton Fischer.  The complaint is before the court for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e).

### Preliminary Review Standard

This court may dismiss claims asserted in pleadings filed by parties proceeding in forma pauperis, if they have failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  In determining whether a pro se pleading states a claim, the Court construes the pleading liberally.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Disregarding legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 102-03 (1st Cir. 2013).

**Discussion**

    Fischer's handwritten complaint is disjointed and difficult to read.  The complaint appears to assert that Fischer asked the State of New Hampshire to issue her a new ID card and a new social security number, and that the State, to date, has not done so, and has not provided her with a reason for the delay or denial.  The complaint also appears to assert that the State through its "Mental Health Department -- (CMC)" received Canadian life insurance proceeds, stocks, and bonds seventeen years ago from Attorney Jeffrey Shapira that Fischer asserts belong to her.  Fischer also appears to assert that the State does not give her SSI, supplemental security income.

    Fischer names several individuals who she believes have been involved in fraud and identity theft, relating either to her stocks and bonds or a mental health physical: Darlene La Layhee; Attorney Eugene Winslow; Angela Torres; and Attorney Gagne.  The complaint includes stray references to the Federal Trade Commission and to a Trade Commissioner or lawyer in Maine.  Fischer asks this court to order the State of New Hampshire to give her a new social security number and a new name, so that she can recover her stocks and bonds using a new identity.

The facts alleged in the complaint fail to state any plausible federal claim upon which relief can be granted by this court.  Accordingly, the district judge should dismiss Fischer's federal claims against the State, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).  Additionally, pursuant to 28 U.S.C. § 1367(c), the court should dismiss without prejudice any claims Fischer intends to assert under state law for fraud or theft.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 3, 2016

cc:  Madalyn Barton Fischer, pro se